**MELTZER et al.**

v.

**UNITED STATES.**

No. 12067.

United States Court of Appeals
Sixth Circuit.

June 7, 1954.

Jacob W. Friedman, New York City, for appellants.

No attorney for appellee.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

PER CURIAM.

This case has been heard on the oral argument and the brief and appendix of the attorney for appellants and on the memorandum filed by the United States Attorney on May 12, 1954. In his memorandum, the United States Attorney states that, after a thorough review of the record on appeal and the briefs in the case of Marson v. United States, 6 Cir., 1953, 203 F.2d 904, and after reviewing the brief of appellants in the present case, he believes that the decision of this court in the Marson case will likewise control the present appeal by Meltzer and Curlanis, co-defendants of Marson; and he states that he, therefore, will file no brief in opposition to the appeal of the present appellants.

In Marson v. United States, supra, in an opinion prepared for the court by Judge McAllister, we reversed the district court's judgment of conviction and sentence and remanded the case for a new trial because of affirmative reversible error committed by the trial judge during the voir dire examination of the jurors. The same prejudicial conduct by the trial court which occasioned the reversal of Marson's conviction is evenly applicable to the present appellants, Meltzer and Curlanis, who were tried jointly with Marson. The appeal of Marson had been taken upon the identical record upon which, and in the same proceedings wherein, the present appellants were convicted and sentenced. In the interest of substantial justice, we think jurisdiction should be taken of the appeal by Curlanis, although it was not timely made in consequence of circumstances uncontrollable by him.

Accordingly, upon the authority of our opinion in Marson v. United States, supra, the motion of appellants to vacate the judgments of conviction and sentence and to grant a new trial is allowed; and the case is remanded to the district court for a new trial as to appellants Meltzer and Curlanis.